[Civ. No. 14901.   First Dist., Div. Two.   Dec. 11, 1951.]

ALBERT BERNSTINE et al., Appellants, v. AMOS JONES, Respondent.

John C. Henderson for Appellants.

Amos Jones, in pro. per., for Respondent.

NOURSE, P. J.—Plaintiffs sued Amos Jones and James D. Miller for breach of contract to sell realty.  Miller was not served and is not a party to the appeal.  Judgment was given against Jones on a subsequent contract to pay $250 and in favor of Jones on the original contract.  Plaintiffs appeal and the respondent has made no appearance.  The appeal was submitted under rule 17(b), Rules on Appeal.

Jones was the owner of certain real property which plaintiffs desired to purchase.  Miller pretended to be the agent of Jones.  The agency was not proved and it is undisputed that no written authority was given.  Plaintiffs inspected the property in the presence of Jones and thereafter went to the office of Miller where the contract in suit was executed.  Five hundred dollars was paid to Miller on that occasion which he appropriated to himself and absconded.  Jones got nothing out of the abortive sale, but thereafter agreed with plaintiffs

to split the loss by the payment of $250. It was on this contract that plaintiffs had judgment.

The trial court found that defendant Jones never entered into a contract to sell the premises to plaintiffs and that he did not authorize Miller to do so on his behalf. There is no evidence to the contrary.

The contract upon which the action is based was executed by plaintiffs and James D. Miller "the seller." Defendant Jones was not named in the contract and there is no evidence of a valid authorization to Miller to act as his agent.

The appeal presents no legal problem. Plaintiffs sued on a written contract to sell realty to which defendant was not a party. There is no evidence of a written authorization to Miller which would take the case out of the statute of frauds. Plaintiffs argue estoppel on the theory that defendant Jones led them to believe that Miller was his agent. If this were true they should have taken their contract with Miller as agent for Jones rather than with Miller as owner and principal. But the lack of any benefit to Jones, which is an essential element of estoppel, forecloses any recovery on that theory.

Judgment affirmed.

Goodell, J., concurred.